IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LENISE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv653-CSC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On April 24, 2008, the plaintiff's attorney filed a motion for attorney fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d). (Doc. # 19). Plaintiff's counsel requested that payment of fees be paid to counsel because the plaintiff signed a fee agreement in which she assigned any fees awarded to her attorney. The defendant does not object to the amount of requested. On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, ___ F.3d ___, 2008 WL 1930587 (11th Cir. May 5, 2008) (No. 07-11404) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. Accordingly, upon consideration of the motion and for good cause, it is

ORDERED as follows:

1. That the plaintiff's application for attorney's fees and expenses (doc. # 19) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees and expenses in the amount of $2,943.25.

2. To the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. *See* 28 U.S.C. § (d)(2)(B). *See also Reeves v. Astrue*, ___ F.3d ___, 2008 WL 1930587 (11th Cir. May 5, 2008) (No. 07-11404). The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this the 6th day of May, 2008.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE